UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA J. KARAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. |
| v. ) | 10-40236-FDS |
| ) | |
| DUNKIN' DONUTS, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| PAULA J. KARAS, ) | |
| ) | |
| Plaintiff, ) | Civil No. |
| ) | 10-40237-FDS |
| v. ) | |
| ) | |
| HONEY DEW DONUTS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons set forth below, the Court (1) allows plaintiff's motions to proceed *in forma pauperis*; (2) denies plaintiff's motions for speedy trial; and (3) directs plaintiff to show cause why these actions should not be dismissed.

**I.      Background**

On November 18, 2010, Paula Karas, a resident of Milford, Massachusetts, submitted for filing identical complaints against Dunkin' Donuts and Honey Dew Donuts. With her complaints,

Karas filed motions seeking to proceed *in forma pauperis* and a speedy trial.

Karas complains that these defendants have "continually violated the plaintiff['s] United States Amendment Rights to drink coffee that is pure and unadulterated by the code standards of the United States Food and Drug Administration."

**II.     Discussion**

    **A.     Motions to Proceed *In Forma Pauperis***

Karas filed motions to proceed *in forma pauperis* and affidavits of indigence. She submitted a document from the Social Security Administration stating that she receives social security and supplemental security benefits based upon her disability. On this record, the motions to proceed *in forma pauperis* will be granted.

    **B.     Review**

Because plaintiff seeks to file these complaints without prepayment of the filing fee, the Court will review plaintiff's complaints to determine if they satisfy the substantive requirements of the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

In determining whether a complaint states a claim, the Court accepts as true the well-pleaded allegations in the complaint and makes all reasonable inferences in the plaintiff's favor. *Martino v. Forward Air, Inc.*, 609 F.3d 1, 2 (1st Cir. 2010). To avoid dismissal, "a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

In conducting this review, the Court liberally construes plaintiff's complaint because she is proceeding *pro se*. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### C. Plaintiff's Complaints Are Subject to Dismissal

Upon review of the complaints, this Court finds that these actions are subject to dismissal for failure to state a claim upon which relief can be granted. Plaintiff apparently contends that she has a constitutional right to drink coffee that is "pure and unadulterated." Obviously, no such right exists.

In addition, the complaints are subject to dismissal because they do not comport substantially with the pleading requirements of Rules 8(a) and 10 of the Federal Rules of Civil Procedure. Each complaint consists of a two-sentence paragraph. The complaints fail to include any factual allegations. Plaintiff makes bald assertions and fails to link specific factual allegations of wrongdoing against either of the defendants. The claims are not set forth in a fashion that would permit defendants to file meaningful responses.

In light of the foregoing, unless plaintiff demonstrates good cause to the contrary in writing within 35 days, these complaints will be dismissed for failure to state a claim.

## III. Conclusion

Based on the foregoing, it is hereby ordered as follows:

1. plaintiff's Motions to Proceed *In Forma Pauperis* are GRANTED;

2. plaintiff's Motions for Speedy Trial are DENIED;

3. within 35 days of the date of this Memorandum and Order, plaintiff shall show cause why these actions should not be dismissed; and

4. no summonses shall issue pending further order of the Court.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 13, 2011